# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KELLY DOMINGUEZ,

   Plaintiff,

v.

MEDIATION RECOVERY CENTER INC.,

   Defendant.

Case No. 1:21-cv-01957

## COMPLAINT

**NOW COMES** Plaintiff, KELLY DOMINGUEZ, through undersigned counsel, complaining of Defendant, MEDIATION RECOVERY CENTER INC., as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for violation(s) of the Fair Debt Collection Practices Act, (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. KELLY DOMINGUEZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 240 High Point Drive, Apartment 1050, Romeoville, Illinois 60446.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. MEDIATION RECOVERY CENTER INC. ("Defendant") is a corporation organized and existing under the laws of the state of Illinois.

1

7. Defendant has its principal place of business at 1500 East Lincoln Highway, Suite 5, Dekalb, Illinois 60115.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Years ago, Plaintiff acquired a short-term, installment loan from The Cash Store.

11. Plaintiff, however, defaulted on payments.

12. Reviver Financial, LLC purchased Plaintiff's debt from The Cash Store.

13. Reviver Financial, LLC, in turn, referred the debt for collection.

14. 1,570 days later—on April 1, 2021—Plaintiff received collection call from +1 (877) 241-9353.

15. +1 (877) 241-9353 goes back to Defendant.

16. Defendant's agent, Cathy, offered to resolve Plaintiff's roughly $1,600.00 The Cash Store balance by way of payment of $532.20.

17. Defendant's April 1, 2021 call is a "communication" as defined by 15 U.S.C. § 1692a(2).

18. Plaintiff's *alleged* $1,600.00 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. **The twist?** On December 13, 2016, Plaintiff paid $533.00 to National Credit Adjusters to settle Plaintiff's The Cash Store debt.

20. Plaintiff's $533.00 payment was not returned.

21. On receipt of payment, National Credit Adjusters deemed Plaintiff's account "Paid-In-Full."

## **DAMAGES**

22. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

23. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); *see also O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

24. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

25. Confused, Plaintiff engaged counsel to look into this *alleged* $1,600.00 debt.

26. In seeking counsel, Plaintiff incurred attorneys' fees as well as needlessly expended time.

27. Defendant's unlawful collection practices presented real risk of harm to Plaintiff—specifically, she was coerced/enticed/misled to pay an *alleged* $$532.20 amount to settle an account she did not owe.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Fair Debt Collection Practices Act—15 U.S.C. § 1692 *et seq.***

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### **Violation of 15 U.S.C. § 1692e**

29. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2) The false representation of–
>
>     (A) the character, amount, or legal status of any debt.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. Merely dunning a person who is not legally obligated to pay the debt constitutes a false, misleading, or deceptive representation about the character and status of the debt. *Kayyal v. Enhanced Recovery Co., LLC*, 2019 U.S. Dist. LEXIS 161475 (N.D. Ill. 2019) (citing *Owens v. Howe*, 2004 U.S. Dist. LEXIS 22728, 2004 WL 6070565, *11 (N.D. Ind. 2004).

31. Defendant violated 15 U.S.C. §§ 1692(e)(2)(A) and e(2) by seeking payment on Plaintiff's debt that Plaintiff previously paid; therefore, ***did not owe***.

32. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), and e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of–

(1)  any actual damage sustained by such person as a result of such failure;

(2)

    (A)  in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)  in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.  find that Defendant violated 15 U.S.C. §§ 1692e(2)(A), and e(10);

B.  award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C.  award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.  award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.  award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: April 12, 2021            Respectfully submitted,

**KELLY DOMINGUEZ**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com